```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION

DORIS TUCKER, et al.,           )
                                )
     Plaintiffs,                )
                                )
v.                              )     CIVIL ACTION NO. 1:05-1197
                                )
BENEFICIAL MORTGAGE COMPANY,    )
                                )
     Defendant.                 )
```

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Beneficial Mortgage Company's Motion for Summary Judgment.  This case concerns the claims of two (2) homeowners for rescission of a loan agreement and statutory damages for a mortgage company's alleged violation of the Truth in Lending Act (hereinafter "TILA").  The Plaintiffs contend that the mortgage company did not make proper TILA disclosures and failed to recognize the two (2) homeowners's rescission of the loan contract.  There are two (2) issues before the court.  The first issue is whether the Court should grant Defendant's Motion for Summary Judgment on the count of Plaintiffs' right to rescind the contract because Plaintiffs joined in a class action lawsuit, signed a settlement agreement provided to them by the Attorney General of Virginia, released all claims, and Plaintiffs received a financial settlement.  The second issue is whether the Court should grant Defendant's Motion for Summary Judgment as to Plaintiffs' claim for statutory damages, costs and attorneys' fees, and forfeiture

of the tender because the claims were filed after the expiration of the TILA one (1) year statute of limitations.  With respect to the first issue, the Court grants Defendant's Motion for Summary Judgment because Plaintiffs released any TILA claims by joining in the class action settlement of claims against the mortgage company. Plaintiffs may waive their rights to bring TILA claims in a class action lawsuit.  The Court will enforce Plaintiffs' waiver of their right to rescission here because in enacting TILA Congress intended to protect consumers' right to rescission when creditors fail to make material disclosures but did not intend for this right to be nonwaivable, particularly when an Attorney General negotiates the waiver as part of a settlement agreement on behalf of a class of consumers.  With respect to the second issue, the Court grants Defendant's Motion for Summary Judgment as to Plaintiffs' claim for statutory damages because Plaintiffs brought their claim more than one (1) year after the mortgage transaction, so the claim is barred by the applicable one (1) year TILA statute of limitations.

## I.  BACKGROUND

This case concerns a consumer dispute between two (2) homeowners and a mortgage company regarding a home mortgage refinance where Defendant, Beneficial Mortgage Co. of Virginia, allegedly neglected to make the necessary Truth in Lending Act

("TILA") disclosures to Plaintiffs, Doris Tucker and Theodore Tucker.  15 U.S.C. § 1639.  Plaintiffs own a home at 116 Beech Street, N.W., Roanoke, Virginia 24017.  (Compl. ¶ 11.)  Plaintiffs responded to Beneficial Mortgage Company's solicitation offering to refinance their home mortgage.  In approximately September 2002, Plaintiffs refinanced their mortgage with Defendant.  (Compl. ¶ 12.)  The terms of the mortgage agreement required Plaintiffs to consolidate numerous outstanding debts and pay a finance charge to Defendant.  (Compl. ¶¶ 13, 16.)  Plaintiffs also borrowed additional cash and Defendant imposed additional points, fees, and settlement charges.  (Compl. ¶¶ 16-17.)

In December 2002, the Attorney General of Virginia and the Commissioner of Financial Institutions negotiated a class action settlement of consumer claims against Beneficial Mortgage, a subsidiary of Household Finance Corporation f/k/a Household International, Inc.  *See Commonwealth of Virginia, ex. rel State Corporation Commission v. Household International, Inc.*, Settlement Order, Case No. BFI-2002-00030, available at http://www.scc.virginia.gov/division/banking/householdsettlement.htm.  Plaintiffs joined in the settlement and signed a general release on October 13, 2003, releasing Defendant from liability for "all civil claims and causes of action . . . in contract, in tort, in statute . . . common law . . . in . . . judicial

proceeding[s], whether known or unknown." (Def.'s Mot. for Summ. J., Attach. A.)  In September 2004, Plaintiffs attempted to rescind their mortgage agreement with Defendant, alleging that Defendant failed to make certain material TILA and Home Ownership and Equity Protection Act ("HOEPA")[1] disclosures regarding the loan, including finance charges, the amount financed, and the annual percentage rate.  (Compl. ¶¶ 22, 24.)  Plaintiffs assert that Defendant's failure to make material disclosures entitles them to an extended three (3) year right to rescind the transaction and Defendant's failure to take action to reflect Plaintiffs' rescission entitles Plaintiffs to statutory and other damages.  (Compl. ¶¶ 23, 26, 29.)  Defendant has filed this motion for summary judgment in response to Plaintiffs' claims.

## II. DISCUSSION

**A. Standard of Review**

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  *See*

---

[1] Plaintiffs voluntarily dismissed their HOEPA claims in response to Defendant's Motion for Summary Judgment. (*See* Mem. in Opp'n. to Def.'s Mot. for Summ. J. at 1.)

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1996). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248. A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*


*Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

**B. Analysis**

1. Waiver and right to rescission

The Court grants Defendant's Motion for Summary Judgment because Plaintiffs released any TILA claims by joining in the class-action settlement of claims against the mortgage company. Plaintiffs may waive their rights to bring TILA claims in a class-action lawsuit. The Court will enforce Plaintiffs' waiver of their right to rescission here because Congress, in enacting the Truth in Lending Act, intended to protect consumers' right to rescission when creditors fail to make material disclosures but did not intend for this right to be nonwaivable, particularly when an Attorney General negotiates the waiver as part of a settlement agreement on behalf of a class of consumers. A waiver is the voluntary or intentional abandonment of a known right or privilege. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Covington Virginian v. Woods*, 29 S.E.2d 406, 410 (Va. 1944). Where an individual waives a private statutory right "granted in the public interest to effectuate a legislative policy... [the waiver] will not be allowed where it would thwart the legislative policy it was designed to effectuate." *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178, 1180 (11th Cir. 1982) (*quoting Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945)) (finding a

creditor's general release was insufficient to waive Plaintiffs' right to rescission under TILA).  The Court looks to Congress' manifested intent in the statute when determining whether a statutory right may be waived.  *See Brooklyn Sav. Bank*, 324 U.S. at 704 (1945); *Buford v. Am. Fin. Co.*, 333 F. Supp. 1243, 1248 (N.D. Ga. 1971).

Here, the settlement agreement effectuated by the Virginia Attorney General on behalf of a class of consumers, in which the consumers would waive their rights in return for monetary compensation, does not undermine the legislative intent. Congress, in enacting the TILA, enumerated two primary goals of the Act.  First, Congress aimed to enhance economic stabilization and competition among the various financial institutions, strengthening other firms engaged in the extension of consumer credit.  15 U.S.C. § 1601.  The settlement agreement effectuated with Household-Beneficial was negotiated by the Virginia Attorney General as part of a nationwide agreement to ensure not only that wronged consumers received compensation but also to ensure that Household did not become insolvent.  In this manner, the Attorney General of Virginia effectively took on the role of enforcing the provisions of the TILA for consumers, who then chose whether to receive compensation through a settlement agreement.  *See* Bureau of Financial Institutions, Household-Beneficial Settlement Frequently Asked Questions,

http://www.sec.virginia.gov/division/banking/householdfaq.htm. Here, Plaintiffs received notice of the settlement and signed a waiver releasing Household of all claims, including those arising from "loan points and origination fees, interest rates,... loan-billing practices, [and] balloon payments," making them potentially more aware of the inclusion of TILA claims.  (Def.'s Mot. Attach. A.)

Furthermore, there is little to no indication of unequal bargaining power between the Attorney General and Defendant such as to undermine Congress' purpose to protect consumers from predatory lending practices.  Where Congress creates rights for wronged individuals, it generally does so in response to a recognition of unequal bargaining power between creditors and borrowers.  *See Brookland Sav. Bank*, 324 U.S. at 706-07; *Parker*, 673 F.2d at 1181.  Here, the release is not a general one prepared by the creditor and presented to the borrower with loan paperwork on a take-it-or-leave-it basis.  Rather, it is part of a negotiated legal settlement whose terms have been drafted for the express purposes of compensating borrowers from previous wrongdoing and imposing a penalty on a lender to ensure that it follows disclosure regulations in the future.  *See Smith v. Am. Fin. Sys.*, 737 F.2d 1549, 1551 (11th Cir. 1984)(concluding that the TILA aims to impose penalties on lenders more than to compensate injured buyers).

While the courts in *Parker*, *Mills*, and *Buford* held the TILA releases to be void, these releases can be distinguished from this one in several respects.  First, here, the Attorney General of Virginia, in conjunction with the Commissioner of Financial Institutions, negotiated the releases signed by Plaintiffs.  (Def.'s Mot. Attach. A.)  Each of the questioned releases in *Parker*, *Mills*, and *Buford* were effectuated by the creditors acting in their own interests rather than by a third party acting in the interests of the borrowers.  In addition, the *Mills* release, while specifically enumerating that it encompassed potential TILA claims, was effectuated as a result of a loan restructuring rather than a settlement agreement.  871 F.Supp. 1282, 1484 (D.D.C. 1994).  While the courts in both *Mills* and *Buford* held releases of the right to rescission invalid, *Mills* referred to Congress' intent that the right to rescind may not be waived or released when a borrower enters into a loan agreement with a creditor.  *Id.* at 1486.  Furthermore, the Court in *Mills* addressed a loan restructuring agreement rather than a class-action settlement in response to a lawsuit and failed to specifically analyze why allowing an individual to waive his or her right to rescind as part of a legal settlement agreement removed from the process of taking out a loan would contravene Congress' intent under the TILA.  *Id.* at 1486.  The Court's analysis in *Buford* that the TILA releases were void as contrary

to public policy because they would undermine the ability of individual consumers to assume the role of private Attorneys General only bolsters this Court's opinion where the Attorney General acted in his official capacity to effectuate releases on behalf of individual consumers.  333 F.Supp. at 1248-49. Moreover, the *Parker* court explicitly articulated its reluctance to find all releases void, indicating that some releases may not undermine the goals Congress intended the TILA to accomplish. 673 F.2d at 1182.

Finally, the Court shares Defendant's concerns that invalidating the release may undermine the ability of individuals as well as State Attorneys General to negotiate settlements in future lawsuits as defendants would have no incentive to settle. (Def.'s Supp. Mot. at 5.)  By holding all waivers of the TILA right to rescission void, the Court would essentially deter creditors from negotiating to settle their disputes, and in class-actions, the inability to reach a settlement may result in an inability of individuals to receive compensation due to a creditor's becoming insolvent before compensation to a substantial number of wronged individuals may be achieved, particularly for multi-state settlements.  Furthermore, holding such releases invalid would open the Court's doors to over 20,000 Virginians who were eligible to participate in the settlement with newly available rights to rescission and undermining the

ability of each consumer to receive his due.  Because Congress intended the Truth in Lending Act to protect consumers' right to rescission when creditors fail to make material disclosures but did not intend for this right to be nonwaivable, particularly when an Attorney General negotiates the waiver as part of a settlement agreement on behalf of a class of consumers, the Court grants Defendant's Motion for Summary Judgment as to Plaintiffs' waiver of their right to rescission.

### 2. Statutory damages

Additionally, the Court grants Defendant's Motion for Summary Judgment for Plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiffs filed their claim after the expiration of the TILA's one (1) year statute of limitations.  15 U.S.C. § 1640(e) establishes a one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations, which begins running from the date of the complained of violation.  *See Cardiello v. Money Store, Inc.*, No. 00-7332, 2001 WL 604007 at *3 (S.D.N.Y. 2001 June 1, 2001), *cert. denied,* 537 U.S. 1046 (internal citations omitted); *Oldroyd v. Assoc. Consumer Disc. Co.*, 863 F.Supp. 237, 240 (E.D. Pa. 1994).  If the violation is one of disclosure in a closed-end credit transaction, "the date of the occurrence of the violation is no later than the date the

plaintiff enters the loan agreement." *Am. Fin. Sys.*, 737 F.2d at 1552; *Cardiello*, 2001 WL 604007 at *3. A plaintiff is similarly bound by a one (1) year statute of limitations when he brings an action for damages based on a refusal to honor a valid rescission notice. *Malfa v. Household Bank*, 825 F. Supp. 1018, 1020 (S.D. Fla. 1993).

Here, because Plaintiffs did not file the Complaint until October 14, 2005, 15 U.S.C. § 1640(e)'s one (1) year statute of limitations bars their statutory damages claim for either the improper disclosures or the failure to recognize a valid rescission. Plaintiffs' loan closed in approximately September 2002, constituting the consummation of the transaction and, accordingly, the date of the alleged violation. (Compl. ¶ 12.) *See also Am. Fin. Sys.*, 737 F.2d at 1552. Therefore, the statute of limitations expired in approximately September 2003. Furthermore, Plaintiffs gave notice of rescission to Defendant in September 2004. (Compl. ¶ 24.) Defendant's failure to respond within twenty (20) days triggered the one (1) year statute of limitations for statutory damages in which Plaintiffs must file a claim of failure to accept a valid rescission. (Compl. ¶ 26.) *See Malfa*, 825 F.Supp. at 1020. Because Plaintiffs filed the Complaint on October 14, 2005, their statutory damages claim is barred by the one (1) year statute of limitations for TILA violations.

### III. CONCLUSION

The Court grants Defendant's Motion for Summary Judgment because Plaintiffs released any TILA claims by joining in the class action settlement of claims against the mortgage company. Plaintiffs may waive their rights to bring TILA claims in a class action lawsuit.  The Court will enforce Plaintiffs' waiver of their right to rescission here because Congress intended in enacting the Truth in Lending Act to protect consumers' right to rescission when creditors fail to make material disclosures but did not intend for this right to be nonwaivable, particularly when an Attorney General negotiates the waiver as part of a settlement agreement on behalf of a class of consumers.  The Court further grants Defendant's Motion for Summary Judgment as to Plaintiffs' claim for statutory damages because Plaintiffs brought their claim more than one (1) year after the alleged violations, barring it under the TILA's one (1) year statute of limitations.

For the foregoing reasons, it is hereby

ORDERED that Defendant Beneficial Mortgage Company's Motion for Summary Judgment is GRANTED in favor of Defendant Beneficial Mortgage Company and against Plaintiffs Doris Tucker and Theodore Tucker on both counts.

The Clerk is directed to forward a copy of this Order to counsel.

ENTERED this <u>7th</u> day of July, 2006.

                                                 /s/
                                    Gerald Bruce Lee
                                    United States District Judge

Alexandria, Virginia
07/07/06